UNITED STATES DISTRICT COURT  **JUDGE CASTEL**
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
KAWAN HAMLETT, an infant over the age of       **07 CV 11118**
fourteen, by his M/N/G, CYNTHIA HAMLETT and
CYNTHIA HAMLETT, individually,                 COMPLAINT

                              Plaintiffs,    Index No.:

     -against-                             Jury Trial Demanded

CITY OF NEW YORK, KEVIN REYES, and JOHN and JANE
DOE 1 through 10, individually and in their official capacities (the
names John and Jane Doe being fictitious, as the true names
are presently unknown),

                              Defendants.

------------------------------------------------------------------x

     Plaintiffs KAWAN HAMLETT, an infant over the age of fourteen, by his M/N/G, CYNTHIA HAMLETT, and CYNTHIA HAMLETT, individually, by their attorneys, Leventhal & Klein, LLP, complaining of the defendants, respectfully allege as follows:

### Preliminary Statement

     1.    Plaintiffs bring this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. §1983 and 42 U.S.C. §1988 for violations of their civil rights, as said rights are secured by said statutes and the Constitution of the States of New York and the United States. Plaintiffs also assert supplemental state law claims.

### JURISDICTION

     2.    This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the First, Fourth and Fourteenth Amendments to the United States Constitution.

     3.    Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

## VENUE

4.   Venue is properly laid in the Southern District of New York under U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5.   Plaintiffs respectfully demand a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6.   Plaintiff KAWAN HAMLETT is a an African American male, a citizen of the United States, and at all relevant times a resident Bronx County and State of New York. Plaintiff CYNTHIA HAMLETT is an African American female, a citizen of the United States, and at all relevant times a resident of Bronx County and State of New York.

7.   Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.   Defendant CITY OF NEW YORK maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, City of New York.

9.   That at all times hereinafter mentioned, the individually named defendants, KEVIN REYES and JOHN and JANE DOE 1 Through 10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10.   That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the

official rules, regulations, laws, statutes, customs, usages and/or practices of the States or City New York.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

12. Each and all of the acts of the defendant alleged herein were done by said defendants while acting in furtherance of their employment by defendant CITY OF NEW YORK.

## FACTS

13. On September 9, 2006, at approximately 9:00 p.m., infant plaintiff KAWAN HAMLETT was lawfully present in the vicinity of 595 Calhoun Avenue, located in the county of Bronx, in the State of New York. Plaintiffs KAWAN HAMLETT and CYNTHIA HAMLETT live in a building in the New York City Housing Authority development nearby the above location.

14. At the aforesaid time and place, the defendants, members of the New York City Police Department, acting under the color of law, approached plaintiff as he was walking home, and without suspicion or just cause stopped, detained, searched, imprisoned, and arrested plaintiff KAWAN HAMLETT, while others failed to intervene in the illegal conduct. Plaintiff KAWAN HAMLETT was handcuffed and subjected to further inappropriate force, and placed in an NYPD vehicle wherein he was driven around for an unnecessary extended period of time while defendants stopped other young males. Eventually, plaintiff KAWAN HAMLETT was transported to the NYPD PSA8 office by defendants. Plaintiff KAWAN HAMLETT was detained for several hours until the defendants issued him a desk appearance ticket, without any

probable cause whatsoever, in an effort to cover up their abuse of authority and unlawful conduct. Plaintiff CYNTHIA HAMLETT was not notified of plaintiff KAWAN HAMLETT'S arrest and detention by the defendants. Plaintiff KAWAN HAMLETT was forced to appear in Bronx County Criminal Court on November 6, 2006 to defend the baseless charges. However, the Bronx County District Attorney declined to prosecute plaintiff.

15.  On February 13, 2007, at approximately 5:10 p.m., infant plaintiff KAWAN HAMLETT was lawfully present in the vicinity of 2894 Schley Avenue, located in the county of Bronx, in the State of New York.

16.  At the aforesaid time and place, the defendants, members of the New York City Police Department, acting under the color of law, approached plaintiff as he was walking to his home located at 2776 Schley Avenue, located in the county of Bronx, in the State of New York, and without suspicion or just cause stopped, searched, imprisoned, and detained plaintiff KAWAN HAMLETT, while others failed to intervene in the illegal conduct.

17.  On or about August 12, 2007, in the evening, infant plaintiff KAWAN HAMLETT was lawfully present in the vicinity of 2777 Dewey Avenue, located in the county of Bronx, in the State of New York.

18.  At the aforesaid time and place, the defendants, members of the New York City Police Department, acting under the color of law, approached plaintiff as he was walking home, and without suspicion or just cause stopped, searched, imprisoned, and detained plaintiff KAWAN HAMLETT, who had committed no crime whatsoever, while others failed to intervene in the illegal conduct.

4

19. As a result of the foregoing, plaintiff KAWAN HAMLETT sustained, *inter alia*, emotional distress and mental anguish, embarrassment, and humiliation, and deprivation of liberty and constitutional rights. Plaintiff CYNTHIA HAMLETT sustained, *inter alia*, the loss of services of her child as well as special damages.

## Federal Claims

### AS AND FOR A FIRST CAUSE OF ACTION
(Deprivation of Rights under 42 U.S.C. § 1983)

20. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "19" with the same force and effect as if fully set forth herein.

21. All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

22. All of the aforementioned acts deprived plaintiff KAWAN HAMLETT of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. Section 1983.

23. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

24. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

25. Defendants, collectively and individually, while acting under color of state law,

engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

**AS AND FOR A SECOND CAUSE OF ACTION**
(Unlawful Search under 42 U.S.C. § 1983)

26.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "25" with the same force and effect as if fully set forth herein.

27.     The illegal approaches, pursuits, stops and searches employed by defendants herein terminated plaintiff KAWAN HAMLETT's freedom of movement through means intentionally applied.

28.     As a result of the aforementioned conduct of defendants, plaintiff KAWAN HAMLETT sustained injuries.

**AS AND FOR A THIRD CAUSE OF ACTION**
(Failure to Intervene under 42 U.S.C. § 1983)

29.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "28" with the same force and effect as if fully set forth herein.

30.     Defendants had an affirmative duty to intervene on behalf of plaintiff KAWAN HAMLETT, whose constitutional rights were being violated in their presence by other officers.

31.     The defendants failed to intervene to prevent the unlawful conduct described herein.

32.     As a result of the foregoing, plaintiff KAWAN HAMLETT's liberty was restricted for an extended period of time, he was put in fear of his safety, and he was humiliated and subjected to handcuffing and other physical restraints, without probable cause. Further, plaintiff sustained severe and permanent injuries.

6

## AS AND FOR A FOURTH CAUSE OF ACTION
(Deprivation of Substantive Due Process under 42 U.S.C. § 1983)

33. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "32" with the same force and effect as if fully set forth herein.

34. The defendants conduct herein was an abuse of executive power so clearly unjustified by any legitimate objective of law enforcement as to be barred by the Fourteenth Amendment.

35. As a result of the foregoing, plaintiff KAWAN HAMLETT was deprived of his right to substantive due process, causing severe and permanent injuries.

## AS AND FOR A FIFTH CAUSE OF ACTION
(Supervisory Liability under 42 U.S.C. § 1983)

36. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "35" with the same force and effect as if fully set forth herein.

37. The individual defendants personally caused plaintiff's constitutional injuries by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

38. As a result of the foregoing, plaintiff KAWAN HAMLETT suffered severe and permanent injuries.

## AS AND FOR A SIXTH CAUSE OF ACTION
(Malicious Abuse of Process under 42 U.S.C. § 1983)

39. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "38" with the same force and effect as if fully set forth herein.

40. Defendants issued criminal process against plaintiff KAWAN HAMLETT by causing him to be arrested for purported violations of the Penal Law.

41. Defendants caused plaintiff KAWAN HAMLETT to be arrested in order to obtain a collateral objective outside the legitimate ends of the legal process, to wit: to cover up their acts of brutality and abuse of authority and thereby violated plaintiff's right to be free from malicious abuse of process.

### AS AND FOR A SEVENTH CAUSE OF ACTION
(False Arrest under 42 U.S.C. § 1983)

42. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "41" with the same force and effect as if fully set forth herein.

43. The defendants falsely imprisoned the plaintiff KAWAN HAMLETT against his will and in the absence of probable cause.

44. As a result of the foregoing, plaintiff KAWAN HAMLETT was handcuffed, detained, and otherwise deprived of their right to be free from false arrest.

### AS AND FOR AN EIGHTH CAUSE OF ACTION
(Municipal Liability under 42 U.S.C. § 1983)

45. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "44" with the same force and effect as if fully set forth herein.

46. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

47. The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York Police Department included, but were not limited to, unlawfully stopping, searching, assaulting, battering and seizing innocent individuals of African American and other minority descents. In addition, the City of New York engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training and supervising its employees that was the

moving force behind the violation of plaintiff KAWAN HAMLETT's rights as described herein. As a result of the failure of the City of New York to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

48. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff KAWAN HAMLETT.

49. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff KAWAN HAMLETT as alleged herein.

50. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiff KAWAN HAMLETT as alleged herein.

51. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department, plaintiff KAWAN HAMLETT was unlawfully stopped, seized, searched, detained, and incarcerated, all without being charged with or guilty of any crime whatsoever.

52. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff KAWAN HAMLETT'S constitutional rights.

53. All of the foregoing acts by defendants deprived plaintiff KAWAN HAMLETT

of federally protected rights, including, but not limited to, the right:

    A.    Not to be deprived of liberty without due process of law;

    B.    To be free from seizure and arrest not based upon probable cause;

    C.    To be free from illegal stops and frisks;

    D.    To receive equal protection under law; and

    E.    To be free from the use of excessive force and/or the failure to intervene.

54. As a result of the foregoing, plaintiff KAWAN HAMLETT is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury.

## Supplemental State Law Claims

55. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "54" with the same force and effect as if fully set forth herein.

56. Within ninety (90) days after the claim herein accrued, plaintiffs duly served upon, presented to and filed with the City of New York, a Notice of Claim setting forth all facts and information required under the General Municipal Law 50-e.

57. The City of New York has wholly neglected or refused to make an adjustment or payment thereof and more than thirty (30) days have elapsed since the presentation of such claim as aforesaid.

58. This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

59. Plaintiffs have complied with all conditions precedent to maintaining the instant action.

60. This action falls within one or more of the exceptions as outlined in C.P.L.R.

1602.

### AS AND FOR A NINTH CAUSE OF ACTION
(Assault under the laws of the State of New York)

61. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "60" with the same force and effect as if fully set forth herein.

62. As a result of the foregoing, plaintiff KAWAN HAMLETT was placed in apprehension of imminent harmful and offensive bodily contact.

63. As a result of defendant's conduct, plaintiff KAWAN HAMLETT has suffered pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

### AS AND FOR A TENTH CAUSE OF ACTION
(Battery under the laws of the State of New York)

64. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "63" with the same force and effect as if fully set forth herein.

65. Defendants made offensive contact with plaintiff without privilege or consent.

66. As a result of defendant's conduct, plaintiff KAWAN HAMLETT has suffered pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

### AS AND FOR AN ELEVENTH CAUSE OF ACTION
(Intentional Infliction of Emotional Distress under the laws of the State of New York)

67. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "66" with the same force and effect as if fully set forth herein.

68. The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

69. The aforementioned conduct was committed by defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

70. The aforementioned conduct was committed by defendants while acting in furtherance of their employment by defendant CITY OF NEW YORK.

71. The aforementioned conduct was intentional and for the sole purpose of causing severe emotional distress to plaintiff KAWAN HAMLETT.

72. As a result of the aforementioned conduct, plaintiff KAWAN HAMLETT suffered severe emotional distress, physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

## AS AND FOR A TWELFTH CAUSE OF ACTION
(Negligent Screening, Hiring, and Retention under the laws of the State of New York)

73. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraph numbered "1" through "72" with the same force and effect as if fully set forth herein.

74. Upon information and belief, defendant City of New York failed to use reasonable care in the screening, hiring and retention of the aforesaid defendants who conducted and participated in the illegal arrest and stops and frisks of plaintiff KAWAN HAMLETT.

75. Defendant City of New York knew, or should have known in the exercise of reasonable care, the propensities of the individual defendants to engage in the wrongful conduct heretofore alleged in this Complaint.

## AS AND FOR A THIRTEENTH CAUSE OF ACTION
(Negligent Training and Supervision under the laws of the State of New York)

76. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "75" with the same force and effect as if fully set forth herein.

77. Upon information and belief the defendant City of New York failed to use

reasonable care in the training and supervision of the aforesaid defendants who conducted and participated in the illegal arrest and stops and frisks of plaintiff KAWAN HAMLETT.

### AS AND FOR A FOURTEENTH CAUSE OF ACTION
(Negligence under the laws of the State of New York)

78. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "77" with the same force and effect as if fully set forth herein.

79. Plaintiffs' injuries herein were caused by the carelessness, recklessness and negligence of the defendant City of New York and its employees and agents, who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

### AS AND FOR A FIFTEENTH CAUSE OF ACTION
(*Respondeat Superior* liability under the laws of the State of New York)

80. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "79" with the same force and effect as if fully set forth herein.

81. Defendant City of New York is vicariously liable for the acts of its employees and agents who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

### AS AND FOR A SIXTEENTH CAUSE OF ACTION
(False Arrest under the laws of the State of New York)

82. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "81" with the same force and effect as if fully set forth herein.

83. Defendants arrested and detained plaintiff KAWAN HAMLETT without probable cause.

84. Plaintiff KAWAN HAMLETT was detained against his will for an extended

period of time and subjected to physical restraints.

85. As a result of the aforementioned conduct, plaintiff was unlawfully imprisoned in violation of the laws of the State of New York.

86. As a result of the aforementioned conduct, plaintiff KAWAN HAMLETT suffered injuries, together with embarrassment, humiliation, shock, fright, and loss of freedom.

87. As a result of the foregoing, plaintiffs KAWAN HAMLETT and CYNTHIA HAMLETT are entitled to compensatory damages in amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

**WHEREFORE**, plaintiffs KAWAN HAMLETT and CYNTHIA HAMLETT demand judgment and pray for the following relief, jointly and severally, against the defendants:

(A) full and fair compensatory damages in an amount to be determined by a jury;

(B) punitive damages in an amount to be determined by a jury;

(C) reasonable attorney's fees and the costs and disbursements of this action; and

(D) such other and further relief as appears just and proper.

Dated: Brooklyn, New York
December 7, 2007

LEVENTHAL & KLEIN, LLP
45 Main Street, Suite 230
Brooklyn, New York 11201
(718) 722-4100

By: _____
BRETT H. KLEIN

Attorneys for the Plaintiffs KAWAN HAMLETT and CYNTHIA HAMLETT

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X

KAWAN HAMLETT, an infant over the age of
fourteen, by his M/N/G, CYNTHIA HAMLETT and
CYNTHIA HAMLETT, individually,

                                              Plaintiffs,

    -against-

CITY OF NEW YORK, KEVIN REYES, and JOHN and JANE
DOE 1 through 10, individually and in their official capacities, (the
names John and Jane Doe being fictitious, as the true names
are presently unknown),

                                              Defendants.

----------------------------------------------------------------------X


## COMPLAINT


LEVENTHAL & KLEIN, LLP
Attorneys for Plaintiffs Kawan Hamlett and Cynthia Hamlett
45 Main Street, Suite 230
Brooklyn, New York 11201
(718) 722-4100