

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/8/08
```

THE CITY OF NEW YORK

MICHAEL A. CARDOZO
*Corporation Counsel*

**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

GENEVIEVE NELSON
Senior Counsel
Phone: (212) 788-8714
Fax: (212) 788-0367

# MEMO ENDORSED

January 7, 2008

*Application granted.
Defendants' response due
March 7, 2008.
SO ORDERED.
/s/ PKC USDJ
1-8-08*

**BY FAX**
Honorable Kevin P. Castel
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Re: Kawan Hamlett, by his M./N/G Cynthia Hamlett v. City of New York, et al.
~~05-CV-3085 (KPC)~~  07 Civ 11118

Your Honor:

This office represents the City of New York in the above-referenced civil rights action.[1] I write to respectfully request an enlargement of defendant's time to answer or otherwise respond to the complaint from January 7, 2008 through March 7, 2008. Plaintiff's counsel consents to this request.

In the complaint, plaintiff alleges, *inter alia*, that he was falsely arrested and detained on three occasions in 2006 and 2007. There are several reasons for seeking an enlargement of time. First, in accordance with this office's obligations under Rule 11 of the Federal Rules of Civil Procedure, we need this additional time to investigate the allegations of the complaint. Therefore, this office will be forwarding to plaintiff for execution a consent to the designation of the Corporation Counsel as plaintiff's agent for release of records sealed pursuant to New York Criminal Procedure Law §160.50. Pursuant to §160.50, all official records concerning plaintiff's arrests are sealed upon the termination of the criminal matter. Defendant

---

[1] The Assistant Corporation Counsel assigned to this matter, Baree N. Fett, is presently out of the office due to illness.

cannot obtain these records without the designation, and without the records, defendant cannot properly assess this case or respond to the complaint.

Second, the extension should enable plaintiff to complete service of process upon the individually named defendant. Further, assuming plaintiff effect timely service of the individual defendant, the extension should allow time for this office to determine, pursuant to Section 50-k of the New York General Municipal Law, and based on a review of the facts of the case, whether we may represent the individually named defendant. See Mercurio v. The City of New York, et al., 758 F.2d 862, 864-65 (2d Cir. 1985) quoting Williams v. City of New York, et al., 64 N.Y.2d 800, 486 N.Y.S.2d 918 (1985) (decision whether to represent individual defendants is made by the Corporation Counsel as set forth in state law)).

No previous request for an extension has been made. Accordingly, we respectfully request that defendant's time to answer or otherwise respond to the complaint be extended to March 7, 2008.

Thank you for your consideration of this request.

Respectfully submitted,

Genevieve Nelson (GN5939)
Senior Counsel

cc: Brett H. Klein, Esq. (by Fax)

2