UNITED STATES DISTRICT COURT
SOUTHERN  DISTRICT OF NEW YORK

------------------------------------------------------------------- x

KAWAN HAMLETT, an infant over the age of fourteen,
by his M/N/G, CYNTHIA HAMLETT and CYNTHIA
HAMLETT, individually,

                                  Plaintiffs,

                  -against-

CITY OF NEW YORK, KEVIN REYES, and JOHN and
JANE DOE 1 through 10, individually and in their official
capacities, (the names John and Jane Doe being fictitious,
as the true names are presently unknown),

                                Defendants.

------------------------------------------------------------------- x

**ANSWER**

**07 CV 11118 (PKC)**

<u>**Jury Trial Demanded**</u>

        Defendants City of New York ("City"), and Kevin Reyes, by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for their answer to the complaint, allege upon information and belief as follows:

        1.     Deny the allegations set forth in paragraph "1" of the complaint, except admit that plaintiffs purport to proceed as stated therein.

        2.     Deny the allegations set forth in paragraph "2" of the complaint, except admit that plaintiffs purport to invoke the jurisdiction of the Court as stated therein.

        3.     Deny the allegations set forth in paragraph "3" of the complaint, except admit that plaintiffs purport to invoke the jurisdiction of the Court as stated therein.

        4.     Deny the allegations set forth in paragraph "4" of the complaint, except admit that plaintiff purports to base venue as stated therein.

5.      Deny the allegations set forth in paragraph "5" of the complaint, except admit that plaintiffs purport to proceed as stated therein.

6.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6" of the complaint.

7.      Deny the allegations set forth in paragraph "7" of the complaint, except admit that defendant City is a municipal entity and respectfully refers the Court to the New York State Charter.

8.      Deny the allegations set forth in paragraph "8" of the complaint, except admit that defendant City maintains a police department and respectfully refers the Court to the New York State Charter.

9.      Deny the allegations set forth in paragraph "9" of the complaint, except admit that defendant Kevin Reyes is employed by the City of New York as a police officer.

10.     Paragraph "10" of the complaint sets forth conclusions of law rather than averments of fact and accordingly no response is required.

11.     Paragraph "11" of the complaint sets forth conclusions of law rather than averments of fact and accordingly no response is required.

12.     Paragraph "12" of the complaint sets forth conclusions of law rather than averments of fact and accordingly no response is required.

13.     Deny the allegations set forth in paragraph "13" of the complaint.

14.     Deny the allegations set forth in paragraph "14" of the complaint, except deny knowledge or information sufficient to form a belief as to when plaintiff may have appeared at any criminal proceedings.

15.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "15" of the complaint.

16.     Deny the allegations set forth in paragraph "16" of the complaint.

17.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "17" of the complaint.

18.     Deny the allegations set forth in paragraph "18" of the complaint.

19.     Deny the allegations set forth in paragraph "19" of the complaint.

20.     In response to the allegations set forth in paragraph "20" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of their answer, as if more fully set forth herein.

21.     Paragraph "21" of the complaint sets forth conclusions of law rather than averments of fact, thus no response is required.

22.     Deny the allegations set forth in paragraph "22" of the complaint.

23.     Deny the allegations set forth in paragraph "23" of the complaint.

24.     Deny the allegations set forth in paragraph "24" of the complaint.

25.     Deny the allegations set forth in paragraph "25" of the complaint.

26.     In response to the allegations set forth in paragraph "26" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of their answer, as if more fully set forth herein.

27.     Deny the allegations set forth in paragraph "27" of the complaint.

28.     Deny the allegations set forth in paragraph "28" of the complaint.

29.     In response to the allegations set forth in paragraph "29" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of their answer, as if more fully set forth herein.

30.     Paragraph "30" of the complaint sets forth conclusions of law rather than averments of fact, thus no response is required.

31.     Deny the allegations set forth in paragraph "31" of the complaint.

32.     Deny the allegations set forth in paragraph "32" of the complaint.

33.     In response to the allegations set forth paragraph "33" of the complaint, defendants repeat and reallege each response set forth in the preceding paragraphs of their answer as if fully set forth herein.

34.     Deny the allegations set forth in paragraph "34" of the complaint.

35.     Deny the allegations set forth in paragraph "35" of the complaint.

36.     In response to the allegations set forth paragraph "36" of the complaint, defendants repeat and reallege each response set forth in the preceding paragraphs of their answer as if fully set forth herein.

37.     Deny the allegations set forth in paragraph "37" of the complaint.

38.     Deny the allegations set forth in paragraph "38" of the complaint.

39.     In response to the allegations set forth paragraph "39" of the complaint, defendants repeat and reallege each response set forth in the preceding paragraphs of its answer as if fully set forth herein.

40.     Deny the allegations set forth in paragraph "40" of the complaint.

41.     Deny the allegations set forth in paragraph "41" of the complaint.

42.     In response to the allegations set forth paragraph "42" of the complaint, defendants repeat and reallege each response set forth in the preceding paragraphs of their answer as if fully set forth herein.

43.     Deny the allegations set forth in paragraph "43" of the complaint.

44.     Deny the allegations set forth in paragraph "44" of the complaint.

45.     In response to the allegations set forth paragraph "45" of the complaint, defendants repeat and reallege each response set forth in the preceding paragraphs of their answer as if fully set forth herein.

46.     Deny the allegations set forth in paragraph "46" of the complaint.

47.     Deny the allegations set forth in paragraph "47" of the complaint.

48.     Deny the allegations set forth in paragraph "48" of the complaint.

49.     Deny the allegations set forth in paragraph "49" of the complaint.

50.     Deny the allegations set forth in paragraph "50" of the complaint.

51.     Deny the allegations set forth in paragraph "51" of the complaint.

52.     Deny the allegations set forth in paragraph "52" of the complaint.

53.     Deny the allegations set forth in paragraph "53" of the complaint, including each subpart thereto.

54.     Deny the allegations set forth in paragraph "54" of the complaint.

55.     In response to the allegations set forth paragraph "55" of the complaint, defendants repeat and reallege each response set forth in the preceding paragraphs of their answer as if fully set forth herein.

56.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "56" of the complaint.

57.     Deny the allegations set forth in paragraph "57" of the complaint.

58.     Deny the allegations set forth in paragraph "58" of the complaint, except admit that plaintiffs filed a complaint on December 7, 2007.

59.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "59" of the complaint.

60.     Paragraph "60" of the complaint sets forth conclusions of law rather than averments of fact and accordingly no response is required.  To the extent a response is required, defendants deny the allegations set forth in paragraph "60" of the complaint.

61.     In response to the allegations set forth in paragraph "61" of the complaint, defendants repeat and reallege each response set forth in the preceding paragraphs of their answer as if fully set forth herein.

62.     Deny the allegations set forth in paragraph "62" of the complaint.

63.     Deny the allegations set forth in paragraph "63" of the complaint.

64.     In response to the allegations set forth in paragraph "64" of the complaint, defendants repeat and reallege each response set forth in the preceding paragraphs of their answer as if fully set forth herein.

65.     Deny the allegations set forth in paragraph "65" of the complaint.

66.     Deny the allegations set forth in paragraph "66" of the complaint.

67.     In response to the allegations set forth in paragraph "67" of the complaint, defendants repeat and reallege each response set forth in the preceding paragraphs of their answer as if fully set forth herein.

68.     Deny the allegations set forth in paragraph "68" of the complaint.

69.     Deny the allegations set forth in paragraph "69" of the complaint.

70.     Deny the allegations set forth in paragraph "70" of the complaint.

71.     Deny the allegations set forth in paragraph "71" of the complaint.

72.     Deny the allegations set forth in paragraph "72" of the complaint.

73.     In response to the allegations set forth in paragraph "73" of the complaint, defendants repeat and reallege each response set forth in the preceding paragraphs of their answer as if fully set forth herein.

74.     Deny the allegations set forth in paragraph "74" of the complaint.

75.     Deny the allegations set forth in paragraph "75" of the complaint.

76.     In response to the allegations set forth in paragraph "76" of the complaint, defendants repeat and reallege each response set forth in the preceding paragraphs of their answer as if fully set forth herein.

77.     Deny the allegations set forth in paragraph "77" of the complaint.

78.     In response to the allegations set forth in paragraph "78" of the complaint, defendants repeat and reallege each response set forth in the preceding paragraphs of their answer as if fully set forth herein.

79.     Deny the allegations set forth in paragraph "79" of the complaint.

80.     In response to the allegations set forth in paragraph "80" of the complaint, defendants repeat and reallege each response set forth in the preceding paragraphs of their answer as if fully set forth herein.

81.     Deny the allegations set forth in paragraph "81" of the complaint.

82.     In response to the allegations set forth in paragraph "82" of the complaint, defendants repeat and reallege each response set forth in the preceding paragraphs of their answer as if fully set forth herein.

83.     Deny the allegations set forth in paragraph "83" of the complaint.

84.     Deny the allegations set forth in paragraph "84" of the complaint.

85.     Deny the allegations set forth in paragraph "85" of the complaint.

86.     Deny the allegations set forth in paragraph "86" of the complaint.

87.     Deny the allegations set forth in paragraph "87" of the complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

88.     The complaint fails, in whole or in part, to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

89.     Any injuries alleged to have been sustained resulted from plaintiff Kawan Hamlett's own culpable or negligent conduct and were not the proximate result of any act of the defendants.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

90.    Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

91.    Plaintiff may not recover punitive damages against the City of New York.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

92.    There was probable cause for plaintiff Kawan Hamlett's arrest.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

93.    At all times relevant to the acts alleged in the complaint, the duties and functions of defendant City's officials entailed the reasonable exercise of proper and lawful discretion.  Therefore, defendant City is entitled to governmental immunity from liability.

## AS AND FOR AN SEVENTH AFFIRMATIVE DEFENSE

94.    At all times relevant to the acts alleged in the complaint, the individual defendant acted reasonably in the proper and lawful exercise of his discretion.

## AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

95.    Plaintiffs' claims may be barred, in whole or in part, because they may have failed to comply with conditions precedent to suit.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

96.    Plaintiffs may have failed to comply with General Municipal Law §50-i and, accordingly, any claims arising under the laws of the State of New York may be barred.

## AS AND FOR AN TENTH AFFIRMATIVE DEFENSE

97.    At all times relevant to the acts alleged in the complaint, the duties and functions of the individual defendant entailed the reasonable exercise of proper and lawful discretion.  Therefore, defendant is entitled to qualified immunity from liability.

WHEREFORE, defendants request judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:    New York, New York
          March 7, 2008

                                   MICHAEL A. CARDOZO
                                   Corporation Counsel of the
                                        City of New York
                                   *Attorney for Defendant City of New York*
                                   100 Church Street
                                   New York, New York  10007
                                   (212) 788-8343

                                   By _____
                                       Baree N. Fett (BF9416)
                                       Special Federal Litigation Division

TO:  Brett Klein, Esq. (by ECF and Mail)
     *Attorney for Plaintiffs*
     45 Main Street, Suite 230
     Brooklyn, New York  11201

## DECLARATION OF SERVICE BY MAIL

I, BAREE N. FETT declare, pursuant to 28 U.S.C. § 1746, under penalty of perjury that on March 7, 2008, I caused to be served the annexed **ANSWER** upon the following plaintiff, by his attorney, Brett Klein, Esq., by depositing a copy of same, enclosed in a first class postpaid properly addressed wrapper, in a post office/official depository under the exclusive care and custody of the United States Postal Service, within the State of New York, directed to plaintiff's counsel at the address set forth below, being the address designated by said plaintiff for that purpose:

TO:    Brett Klein, Esq.
       45 Main Street, Suite 230
       Brooklyn, New York  11201

Dated:        New York, New York
              March 7, 2008

                                        _____
                                        BAREE N. FETT

Index No. **07 CV 11118 (PKC)**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KAWAN HAMLETT, an infant over the age of
fourteen, by his M/N/G, CYNTHIA HAMLETT
and CYNTHIA HAMLETT, individually,

Plaintiffs,

-against-

CITY OF NEW YORK, KEVIN REYES, and
JOHN and JANE DOE 1 through 10, individually
and in their official capacities, (the names John and
Jane Doe being fictitious, as the true names are
presently unknown),

Defendants.

# ANSWER

***MICHAEL A. CARDOZO***
*Corporation Counsel of the City of New York*
Attorney for Defendant
100 Church Street
New York, N.Y.  10007

*Of Counsel: Baree N. Fett*
*Tel:  (212) 788-8343*
*NYCLIS No. 2007040943*

*Due and timely service is hereby admitted.*

*New York, N.Y.  ........................., 2008 . . .*

*............................................................ Esq.*

*Attorney for ................................................*